UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GEORGIA DIRECT CARPET, INC., *et al.*,[1] ) | Case No. 19-06316-RLM-11 |
| ) | |
| ) | (Joint Administration Requested) |
| Debtors. ) | |
| ) | |

**DEBTOR'S FIRST DAY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING DEBTORS (I) TO USE CASH COLLATERAL FOR OPERATING EXPENSES AND (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED CREDITORS, *NUNC PRO TUNC*, TO THE PETITION DATE**

Georgia Direct Carpet, Inc. ("**Debtor**"), by proposed counsel, for its *First Day Motion for Authority to Use Cash Collateral for Operating Expenses and Granting Replacement Liens* (the "**Motion**"), state as follows:

**JURISDICTION, VENUE, AND STATUTORY BASIS**

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief sought herein are section 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules B-4001-2 and B-9013-3 of the Local Rules of the United States Bankruptcy Court

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Georgia Direct Carpet, Inc. (9782); Georgia Direct West LLC (6140); and M3 Holdings LLC (6140). The location of the Debtors' corporate headquarters is 5200 E. National Road, Richmond, Indiana, 47374.

for the Southern District of Indiana (the "**Local Rules**").

5.  To the extent an objection is filed to this Motion, this matter will be a contested matter under Bankruptcy Rule 9014.

6.  Proposed counsel for Debtor has discussed the filing of this case with the Office of the United States Trustee and advised of this and other "First Day Motions" and/or 9006(c) Requests, and provided copies of same, in accordance with Local Rule B-9013-3(b).

## FACTUAL BACKGROUND

7.  On August 26, 2019, (the "**Petition Date**"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Concurrently with this Motion, Debtor has also filed motions or applications seeking certain "first day" relief.

8.  Debtor continues to operate and maintain its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9.  No request has been made for the appointment of a trustee or examiner, and no official committee has been established in this case.

10. Additional information about Debtor's business, its capital structure, and the circumstances leading to these chapter 11 cases is contained in the concurrently filed *Declaration of Anthony Bledsoe in Support of Debtor's Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**")[2], which is incorporated herein by reference.

## RELIEF REQUESTED

11. As of the Petition Date, Debtor believes the value of its personal property and all of their assets (the "**Collateral**") that may be subject to the alleged interests of

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

2

the parties identified in the First Day Declaration that have filed UCC Financing Statements, is approximately $7,983,606.25.

12. However, Debtor has not had the opportunity to complete a comprehensive evaluation with respect to the value all of its assets. As such, Debtor's estimation of the value is a good faith estimate which may or may not be the actual value of all of the Collateral, and Debtor reserves the right to file its Schedules and Statements or Amended Schedules and Statements with differing amounts.

13. Debtor has performed a preliminary investigation and analysis of the related UCC filings and based upon this preliminary investigation believes that the assets of Debtor may serve as collateral to secure the payment of certain of the obligations referenced in the First Day Declaration. Debtor does not concede, however, that any asserted interest is a valid, perfected, or enforceable pre-petition lien in and to any of the assets nor does Debtor concede the priority of any one creditor's interest. Debtor expressly retains the right to contest the validity, perfection, and enforceability of all alleged interests.

14. As of the Petition Date, Debtor's *estimated* outstanding indebtedness to the creditors set forth in the First Day Declaration was as follows:

      a. West End Bank, S.B.      $4,900,000.00

      b. EIN Cap.      $100,000.00

      c. Premium Merchant Funding      $200,000.00

(collectively, the "**Creditors**").

15. Debtor believes any obligations it may have to any of the Creditors arise under a trade agreement or a security agreement.

16. In order to permit, among other things, the orderly and continued operation of Debtor's business, Debtor has an immediate need to use Cash Collateral in which the Creditors may assert an interest. The use of Cash Collateral is necessary to prevent immediate and irreparable harm to Debtor's and their property that would otherwise result if Debtor was prevented from obtaining use of Cash Collateral for the continued operation of its business.

17. Debtor has no present alternative borrowing source from which to secure sufficient additional funding to operate its business without utilizing Cash Collateral.

18. Debtor is unable to operate its businesses without interim use of Cash Collateral.

19. Without interim relief, Debtor will not be able to operate its business for more than a few days until a final hearing on this motion can be held. Accordingly, the Court, as a preliminary matter, should enter an interim order authorizing Debtor's to use Cash Collateral.

20. Certain of Debtor's Petition Date cash and cash equivalents (cash and accounts receivable) may constitute "cash collateral" (as that term is defined in Section 363(a) of the Bankruptcy Code). On the Petition Date, Debtors have cash on hand or on deposit in the approximate amount of $22,500.00 and outstanding, net collectible receivables of approximately $1,308,067.87, both of which are cash collateral within the meaning of Section 363(c)(2) of the Bankruptcy Code (the "**Cash Collateral**").

21. This motion does not contain any provision specified in Local Rule B-4001-2.

**BASIS FOR RELIEF REQUESTED**

22.     Under Section 363(c)(2)(B) of the Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Local Rule 4001-2, Debtor requests that the Court enter an Order authorizing its interim use of Cash Collateral for payment of its ordinary and necessary operating expenses through the date of a final hearing on this motion in accordance with the proposed budget attached hereto as **Exhibit B**.

23.     Creditors may be entitled to adequate protection of their alleged interests in Debtor's Cash Collateral. If and to the extent such Creditors have an interest in Debtor's Cash Collateral, Debtor, therefore, agrees and requests authority to provide adequate protection as follows:

   a. Debtor will maintain the combined value of (i) cash on hand or on deposit plus (ii) net (collectible) receivable at or above $1,300,000.00 during the period of cash use, which is believed to be the cumulative value of said Cash Collateral as of the Petition Date;

   b. Creditors have filed UCC financing statements in relation to the property that constitutes Cash Collateral in this case, and some or all of them may be properly perfected.  It is also possible that Debtor has a basis to challenge the interests asserted by Creditors.  As such, until such time as the parties agree or the Court determines the relative rights of Creditors, if any, in the Cash Collateral, Debtor will grant Creditors post-petition replacement liens in the cash and receivables of Debtor in the total aggregate amount of the value of the Cash

    Collateral that existed as of the Petition Date to the same extent and priority as their properly perfected, prepetition security interests; and

  c. Debtor will use Cash Collateral only for the operation, maintenance, and upkeep of all of its assets and for expenses incurred in the ordinary course of business.

24. In the event the Court does not authorize the use of the Cash Collateral, Debtor believes it will not be able to maintain its current business operations.

25. Without use of Cash Collateral, Debtor will be seriously and irreparably harmed, resulting in significant losses to Debtor's estate and its creditors.

26. Furthermore, without the use of Cash Collateral, Debtor will be unable to pay its employees for wages earned both prior to the Petition Date[3] and thereafter.

## THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED

27. Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." Authorizing Debtor to use Cash Collateral is integral to the Debtors' ability to maintain their operations and successfully reorganize. There is a real, immediate risk that, if Debtor is not authorized to use Cash Collateral, Debtor will be unable to obtain the material needed in order to complete work in progress, thereby decreasing the value of Debtor's accounts receivable. In turn, the resulting impact on the Debtor's reputation for quality and excellent products and service would cause the Debtor irreparable harm that would thwart Debtor's restructuring efforts.

28. Consequently, it is critical that the Debtor is able to use Cash Collateral in

---

[3] Concurrently herewith, Debtor is filing a First Day Motion to Pay Pre-petition Wages.

the ordinary course of their business. Accordingly, Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested in this Motion.

### DEBTORS' WAIVER OF BANKRUPTCY RULES 6004(a) and 6004(h)

29. To implement the foregoing successfully, Debtor requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that Debtor has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### NOTICE AND NO PREVIOUS REQUEST

30. Notice of this Motion will be provided to: (i) the U.S. Trustee; (ii) the Prepetition Secured Parties; and (iii) Debtors' twenty (20) largest unsecured creditors. Notice of this Motion and any Order entered heron will be served in accordance with the Local Rules. In light of the nature of the relief requested, Debtors submit that no other or further notice is necessary.

31. No previous request for the relief sought herein has been made to this or any other Court.

### RESERVATION OF RIGHTS

32. Nothing contained in this Motion or any actions taken by Debtor pursuant to relief granted in the Interim Order and Final Order is intended or should be construed as: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtor's or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or

defined in this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by Debtor or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid and Debtor and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtor's or any other party in interest's rights to subsequently dispute such claim.

WHEREFORE, Debtor respectfully request that the Court enter the Order substantially in the form attached as **Exhibit A** granting the relief requested herein and granting all other just and proper relief.

Respectfully submitted,

 /s/ Sarah L. Fowler
Sarah L. Fowler (# 30621-49)
Weston E. Overturf (# 27281-49)
MATTINGLY BURKE COHEN & BIEDERMAN LLP
155 East Market Street, Suite 400
Indianapolis, IN 46204
Phone: 317-664-7172
sarah.fowler@mbcblaw.com
wes.overturf@mbcblaw.com

*Proposed Counsel for Debtors and Debtors in Possession*